Good morning, Your Honor. Erica Hashimoto, Director of Georgetown Law's Pet Litigation Clinic. With the Court's permission and Mr. Burrell's consent, third-year law student Asha Rajani from the clinic will be presenting argument on behalf of Mr. Burrell. Great, thank you. Good morning, Your Honors, and may it please the Court. This Court should reverse the District Court's order denying Mr. Burrell IFP status in this case because the three strikes rule under the Prison Litigation Reform Act does not apply to him. Two of his three prior dismissals should not have counted as strikes under Section 1915G, which states that only dismissals for frivolity, malice, or failure to state a claim are strikes. The dismissal of Burrell v. Unknown on younger abstention grounds is not a strike and the dismissal of Burrell v. Anderson on Rule 41B grounds is also not a strike. I will first discuss Burrell v. Unknown. The dismissal of Burrell v. Unknown is not a strike for two reasons. First, a dismissal on younger abstention grounds is not a dismissal for failure to state a claim under the PLRA. The District Court, in deciding whether the younger abstention doctrine applies, does not analyze whether all of the elements of a causal action— Do we have to agree with you on all of these strikes or just one? You'd only have to agree with us on one to allow Mr. Burrell to proceed IFP, but we request the Court to decide on both issues because Mr. Burrell would still be harmed if you decided on one because he would have an additional strike on the record, Your Honor. I'm sorry, can I ask you one other question about the posture of this case? If we agreed with you as to one or both, what would we do exactly? I take it we would approve Mr. Burrell's motion to proceed on appeal, IFP? That's correct. You would essentially say that the two strikes, one dismissal on the younger abstention grounds and the dismissal on 41B, if you choose to decide, are not strikes. Right, but I'm trying to figure out what would follow from that. So we would approve the motion to proceed IFP, then what? Is there an appeal? Do we let him appeal the District Court order or do we dispense? There's an appeal and there's also a motion to proceed IFP, and I'm just trying to figure out, assuming, hypothetically—sorry, I'm kind of starting at the end, but since we were talking about the posture of this case—if we agreed with you, is the only thing in front of us this motion by Mr. Burrell to proceed before us, IFP, or do we also have the appeal in front of us to decide? It's a little confusing. Right, the appeal is to appeal the denial of IFP status. Right, so we could decide that too? Yes, and so that would allow him to proceed IFP in the District Court. But is it—I'm sorry, go ahead. In the District Court. You want us to do two things, basically. Approve his petition to appear before us, IFP, and you want us to vacate the District Court decision and say he can proceed IFP in the District Court. Yes, to proceed IFP, which allows him to proceed forward in the District Court with this case, IFP. Do we have to go quite that far? Isn't the actual issue before us whether the District Court erred in counting the unknown case and the Anderson case as strikes? And if we were to agree with one or both of those, we could vacate on those grounds or reverse on those grounds. But doesn't the statute give the District Court some discretion about IFP that is not before us? In other words, shouldn't we just limit our ruling to the errors you are appealing as opposed to declaring him entitled to IFP status? That is correct. If you rule that both dismissal on younger abstention grounds and dismissal on 41b grounds are not strikes under the PLRA, that would be our request. Then the District Court can do whatever with those determinations in hand. That's exactly right, Your Honor. So I will first discuss Burrell v. Unknown. The dismissal of Burrell v. Unknown, as I mentioned before, is not a strike for two reasons. First is because the dismissal on younger abstention grounds is not a dismissal for failure to state a claim. This Court's holding in Brunson v. Stein supports our position. In Brunson, the Court clarified… And so does the District Court, right? Didn't the District Court say that if it was sent back, the District Court would find that that one wasn't a strike? I mean, that's why opposing counsel is here, I think. So the way that we're using Brunson is that Brunson clarified the process for whether an action should be dismissed for failure to state a claim, and we believe that that process doesn't apply to the younger abstention grounds because the Court is not looking at whether all of the elements of a cause of action are present. So your argument is that a younger abstention is not a dismissal for failure to state a claim. Can I ask you a question about the way these statutes fit together? So it's not… You would say that under subsection G, it is not a dismissal for failure to state a claim. But under the screening provision, section 1915A, that authorizes a District Court to dismiss a case without docketing, without serving the defendant on those same three grounds, if it's frivolous, malicious, or fails to state a claim. So my question is, if a younger dismissal is not a dismissal for failure to state a claim, is that going to be a problem under section 1915A? Does that mean that a District Court would have to serve the defendant and have a whole case rather than just dismissing it kind of sua sponte and without docketing the case under 1915A? Do you know what I mean? Yeah, I understand what you're saying, Your Honor. Essentially, the failure to state a claim under the PLRA and the 12b6 standard for failure to state a claim are the same sort of standard. I think the only difference is the timing of when the court would dismiss. And so for 1915A, it would be in the screening process before or right after it is docketed. But what is the District Court's authority to sua sponte dismiss under 1915A before docketing, before serving the defendant, if it is not, in fact, failure to state a claim? That is one of the reasons given in the statute. Right, but you're telling me a younger dismissal is not dismissal for failure to state a claim. So what under 1915A would authorize the District Court to use the summary procedure on a younger abstention case? Or are you saying if it's younger abstention, yeah, serve the defendant, let the defendant plead it, and then, you know. So if it's a younger abstention, the court is mandated to abstain. You should go on with your argument. Thank you. I'm sure I'm not being clear. As this court stated in Nivens, the younger abstention doctrine mandates that federal courts abstain from exercising jurisdiction and interfering in pending state criminal proceedings. The second ground upon which we think a dismissal of Burrell v. Unknown is not a strike is because Mr. Burrell's letter to the court should never have been construed as a legal complaint to begin with. Mr. Burrell's letter to the court in which he described what was happening in his state criminal case lacked all of the characteristics of a complaint. There were no defendants or claims listed. There was no request for relief. And Mr. Burrell neither paid court fees nor requested IFP status. We do agree with amicus that courts should liberally construe a pro se litigant's pleadings, but they should do so to help the litigant and not to harm them. What the District Court did here, essentially, is treat Mr. Burrell's letter as a complaint to then dismiss it. But that's kind of an interesting way of looking at the liberal construction rule, that we don't do it if it would have a negative consequence and we do it if it would have a positive consequence. I mean, if we weren't talking a three-strike question, imagine it was dismissed because this doesn't have the hallmarks of a complaint. Would you say we should construe it liberally for that purpose but not in the three-strikes context? The District Court should liberally construe a letter as a complaint. All we're asking is that the District Court then give notice to the litigant that they're going to do so. And perhaps allow the litigant an opportunity to let the court know whether they would like the letter to be counted as a legal complaint. If your honors have no further questions on the dismissal on younger abstention grounds, I wanted to move us to Burrell v. Anderson and the dismissal on Rule 41B grounds. A dismissal on Rule 41B is also categorically not a dismissal for failure to state a claim. The District Court in Burrell v. Anderson applied the Atkinson factors in its final dismissal order to dismiss for noncompliance with a court order, which the Fourth Circuit affirmed as a 41B dismissal. Rule 41B is not an enumerated grounds under Section 1915G. Further, a Rule 41B dismissal for failure to prosecute or comply with a court order and a 12B6 dismissal for failure to state a claim are two distinct dismissals. They are, but if the District Court has indicated that the complaint as filed doesn't state a claim for which relief can be granted and gives authority to amend and the plaintiff doesn't do anything, we're not talking about just the failure to prosecute generally. We're talking about the failure to prosecute that builds off a finding of inadequacy of the pleadings. And so the cases that talk about failure to prosecute generally I think aren't really right on point because we've got additional facts. Why wouldn't we consider this? Why wouldn't we look at the totality of the District Court's rulings, which do seem to hit the Act's requirements and the plaintiff here just failed to take the opportunity to fix them? Right. Your Honor, yes, the District Court in Burrell v. Anderson did give Mr. Burrell several opportunities and eventually dismissed on Rule 41B grounds because he missed the 30-day timeline to submit the third amended complaint. The District Court could have dismissed on 12B6 grounds, but it chose to dismiss on Rule 41B grounds. And in their dismissal, they stated that had the plaintiff timely complied with the order, this case would have proceeded. Had the plaintiff requested additional time to comply, the court likely would have granted it. But if the complaint is subject to a 12B6 dismissal for failure to state a claim, and if that had happened, there would be a qualifying strike, and the District Court says, look, as pled, I won't dismiss your case on 12B6, but I'll give you a chance to fix it, and you don't take that chance up, I just can't understand why that wouldn't be a strike. A subsequent district order that's assessing previous District Court dismissal orders would look at the face of the dismissal order. You would just say we just look straight at the last order, it's Rule 41, and we don't give con – we don't consider the context from which it arose? Yes, Your Honor. This Court has previously held in Blakely that the District Court should look at what the face of the order, the last dismissal order states, and then see if that aligns with the language in Section 1915g. The District Court here dismissed on Rule 41b grounds, which is reviewed on abuse of discretion. This is an involuntary procedural dismissal that's reviewed on abuse of discretion, whereas a 12B6 dismissal is reviewed de novo. So the District Court may use its discretion and its power to manage its own docket to dismiss on Rule 41b grounds. Counsel, is there a little bit of tension in your argument or not? On this one, you're saying just look at the face of it. It says 41b, that's where the inquiry ends. But on the first one, the younger one, the District Court said I'm dismissing for failure to state a claim under 1915a, but you want us to go behind that and look at what, you know, come on, what was he really doing? So how do I make sense of these two arguments together? We don't believe there's tension between our two arguments, Your Honor. We're asking that the District Court review, that a subsequent District Court review the face of the final dismissal order. For broadly unknown, the court stated for these reasons, the court must adhere to the abstention doctrine and the complaint will be dismissed pursuant to Section 1915a.b.2 for failure to state a claim. The District Court is making a legal determination that we think is wrong and that is reviewable by this court. As the court reviewed the District Court's statement in Brunson v. Stein by saying, heck, dismissals are for failure to state a claim. So what, when a District Court, just take it out of the PLRA context, when a District Court dismisses for younger abstention, if they're not under 12b.6, what are they under? We would say they don't fall under any of the 12b rules. The closest is 12b.1 and other circuit courts, for example, the Ninth Circuit and the Tenth Circuit has said that a dismissal on younger abstention is most comparable or akin to a 12b.1 dismissal. And even in Nivens v. Gilchrest, the District Court in that case also dismissed on 12b.1 in this circuit as well. Do you have a case where we, a factually similar case, not just a Rule 41 on its own? Assume I think we ought to look a little bit broader than just at the last order where I look at the context from which it came. Do you have a case procedurally in all fours that helps you? I know there's a Ninth Circuit case that's contrary to your position, and I didn't see another case like this except for that Ninth Circuit case. No, Your Honor, we don't have a case that specifically addresses whether Rule 41b is a strike under that. Can I ask you another question? Yes. It's outside of the briefs, I think, so I apologize. But with respect to Anderson, was the dismissal, had it been dismissed at the time the complaint here was filed? Wasn't Anderson dismissed after the complaint here was filed? It was before the petition for IFP status, but it was after the complaint. Is that right? Or do you know? I'm not trying to play gotcha with you. And if that's the case under the way the statute's written, wouldn't that be another basis to say this isn't an appropriate strike? Burrell v. Anderson was affirmed. The Circuit Court affirmed the dismissal on 41b grounds in December 2022, and so you're asking. Okay. Do we look at when that's when it was affirmed on appeal? Yes, that's correct. It was dismissed by the district court after the complaint. Do we look at the date it was dismissed by the district court, or do we look at the date that that dismissal was affirmed? We look at the date it was dismissed. Well, if it was dismissed either way, right, they're both after the complaint was filed. And if they were dismissed after the complaint were filed, they couldn't be a strike that existed at the time of the filing, right? Right. So Burrell v. I'm trying to give you another argument. I don't know if I'm. He's helping you. Yes, absolutely. A lot. I'm just looking at my timeline to make sure I have the dates right. And you could, in your time in rebuttal, you could look at that because your time is up. Yes, I can address that in rebuttal. Thank you. Thank you, Your Honors. Thanks. All right, and we'll hear from the other side. Good morning, Your Honors. Timur Rahman Duffy has appointed amicus counsel defending the district court decision below. May it please the court. The district court correctly determined that Mr. Burrell had three strikes under the Prison Litigation Reform Act. Only two are at issue here, the unknown dismissal and the Anderson dismissal. This court should confirm the strike calls for two reasons. First, both dismissals were for failure to state a claim. As Jones v. Bach explains, a complaint fails to state a claim if all the allegations taken as true do not show that the petitioner is entitled to relief. Isn't that too broad? I mean, what if it's a failure to exhaust? Well, the PLRA has specific exhaustion provisions. Okay, so exhaustion would be an exception to the rule you just said. I think that's right just because the PLRA.  Well, jurisdiction we would agree isn't because that's another exception. Yes. But we would think something akin to a statute of limitations ground or a immunity ground could be a failure to state a claim. That's also a ground failure to state a claim. Didn't Congress sort of specifically leave that out of the list? Well, in Jones, it explains that if that is, if those grounds are apparent on the face of the complaint, then it could be a 12B6 dismissal. Just as a matter of statutory construction, I just want you to explain it to me because Congress, in 1915A, specifically includes immunity as a grounds for dismissal. But then it doesn't include immunity in the directly adjacent list under 1915. I always assume that Congress made a decision that we're not going to put immunity in the statute right next door because we don't think an immunity dismissal should be a strike. But you think it could be? I think it could be, Your Honor. How do you explain the failure to just carry over the exact same provision from the neighboring statute? I think immunity could be a failure to state a claim if it shows up on the face of the complaint. Do you have anything to say about the fact that in the neighboring provision, it lists frivolous, malicious, fails to state a claim, or immunity, and then right next door, it just does the first three? Do you think Congress just forgot to put immunity in? No, Your Honor. I think that that immunity ground in 1915A could be broader. It could happen when it's not necessarily on the face of the complaint. Well, it would have to be on the face of complaint because the district court is dismissing it before docketing. What else is the district court looking at? The district court could theoretically engage in a factual discovery. By itself, sua sponte, with no defendant? If necessary. Isn't that weird? That would be weird, I agree. But going back, I would say even if the court holds that immunity grounds can't be strikes, statute of limitations grounds could certainly be strike calls. The Second Circuit has held they could be strike calls. Even if that's true, abstention is refraining from acting on the complaint. I know here the words failure to state a claim were in the order, and I could appreciate, I think it would be a tough call, but if you wanted to be real formalistic and say, hey, the words are written in the order, we should follow them. But aside from that, it just seems like abstention is close to the opposite of dismissing for failure to state a claim. It's refraining to consider whether it should be dismissed for failure to state a claim. I think that's the understanding that my friend on the other side has put forth, that the dismissal doesn't examine the underlying merits of the case, and therefore it's not a dismissal for failure to state a claim. But again, in a statute of limitations dismissal on the face of the complaint, that also doesn't examine the merits of the underlying complaint. It may, but it may not deal with the merits, and I don't know how statute of limitations would turn out. But it deals with a requirement that must be complied with to proceed with the statute. Maybe it's like exhaustion, maybe it's not. Those might be harder questions, but when you are literally not refraining from exercising jurisdiction and literally refraining from the very question that the statute requires, I'm just seeing how that could possibly comply with the statute. Just to make sure I understand, when you say the question that the statute requires, you're saying failure to state a claim. Yes, Your Honor. I would say that it's not refraining from what the statute requires. The statute requires that the court examine the four corners of the complaint and determine whether or not the petitioner is entitled to relief. In the unknown dismissal, the court did exactly that. The court examined the complaint. It recognized that in the complaint it was asking the court to enjoin a pending state court proceeding, specifically asking for a change in venue. It walked through the exceptions to Younger and found that none applied, and therefore it's dismissed. Isn't the whole question of abstention discretion? I mean, it didn't have to abstain, did it? Under Younger, it did. That's mandatory if those are met? I couldn't remember that. It's mandatory unless the state consents. What about the fact that the district court itself issued an indicative order on June 4, 2024, saying that it was wrong to count the Younger abstention as a strike? I think this court is the court that's equipped to decide it at this point. So you're saying the district court was right the first time and wrong the second time when it reversed itself, or indicated that it would reverse itself? Yes, Your Honor. I think that the court had it right the first time, specifically because it dismissed the complaint outright, because of Mr. Burrell's failure to establish grounds for which relief could be granted. Counsel, you agree, right, that a jurisdictional dismissal is not a strike? Yes, Your Honor. All right, so just why do you think, then, that Congress would exclude jurisdictional dismissals? Those are not strikes. They don't reach the merits. You just filed in the wrong place. You filed too soon. But it does want to include Younger dismissals, which also don't reach the merits and also are just a matter of filing in the wrong court or too soon. What would be the purpose of dividing those for Congress? Your Honor, Congress explicitly stated when these courts have jurisdiction, that and constitutional grounds, Younger is different. Younger is this court deciding whether or not these courts should determine claims that have a subsequent state court proceeding. But it's mandatory. It is mandatory. Like a jurisdictional dismissal. They are like jurisdictional dismissals, but as this court held in Nevins, they are not jurisdictional. They're not, but I'm just trying to figure out. And maybe the answer is, you know what, you think this is all clear from the text, so it doesn't matter. But I'm just trying to figure out if there's any, you know, it's more comfortable if you feel like, well, maybe this distinction makes sense. Do you have any theory for why Congress would think if you file in the wrong district court, that's not a strike. But if you file in the wrong court as between a state court and a district court, that's a strike. That's Younger abstention, and it's a strike. I would push back a little bit on your categorization of Younger. It's not about whether or not you filed your claims in the state court or whether or not you filed them in the federal court. It's actually trying to enjoin a pending state court proceeding. Right, and we say under Younger, if you can get a full and fair hearing of this claim in state court, take it up there. Yes, Your Honor. Okay, so in that sense, it is very much like you filed in the wrong court. This is a claim for you to take up in your state court proceeding. I see what you're saying, Your Honor. Frankly, Your Honor, I think Congress understood that the failure to state a claim standard encompasses a great deal of dismissals. They have expanded what used to be simply the malicious and frivolity standard and state that 12B, excuse me, failure to state a claim standard should also apply here. So it understood that it was encompassing everything that courts have dismissed under 12B-6 or similar standards before, and that does include dismissals that do not necessarily reach the merits of the claim, such as extension doctrines and such as statute of limitations doctrines. If there's no more questions on Younger, I just want to briefly touch on the court's review of the actual complaint in the unknown dismissal. My friend on the other side said it had none of the hallmarks of the complaint. We would disagree with that take. The letter listed out Mr. Burrell's grievances. It listed out his proposed relief, which was a change in venue. It cited case law. It's hard to see how it's anything but a complaint. Also, for Mr. Burrell, the time to challenge this is too late, as this court has held him blatantly. IFP motions are not the time to determine whether or not the district court did it right. It's just to determine whether or not it is a strike call. One other thing I want to touch on just before we go to the Anderson dismissal. There was discussion of posture, whether or not this court should allow Mr. Burrell to continue with his case below or if it should do something else. We think the proper decision would be to vacate if this court determines that one of them is not a strike call, so that the district court could obviously use its discretionary power, but also to determine if other dismissals Mr. Burrell has, which we've listed out in our brief, count as strike calls. Lastly, talking about the Anderson dismissal, we think that this is just a clear application of Blakely. Blakely held that the procedural mechanism for a dismissal here, which was 41B, is not determinative of the strike call. It's the substance over form, specifically whether or not the dismissal rang the PLRA bells. First, the face of the dismissal does explicitly state that the operative complaint failed to state a claim. It talks about how Mr. Burrell failed to hit the objective prong for his medical claims. It dismisses under 1915 AB1. So this language certainly hits the bells, and then as this panel discussed previously, the underlying orders discussing why Mr. Burrell's complaint was deficient, this court can take notice of as well. If there are no more questions. Kennedy, but what about the issue I raised with your colleague about does Anderson qualify, even if I were putting aside the argument you just made, does – should Anderson count if it was dismissed after this case was filed? We think so, Your Honor, because that is a dismissal under strike grounds. But doesn't the statute talk about three strikes at the time the complaint was filed? That is one interpretation of the statute. I do apologize that we haven't briefed this. Yes, and I'm not – no worries at all. But when you say that's one interpretation of the statute, isn't that – that's not really an interpretation. That's just what it says if you read it, right? Your Honor, truthfully, we have not considered this argument because Mr. Burrell did not raise it. Right. So we are not as prepared as we should be to discuss it. Fair enough. The question – we also have to consider whether Mr. Burrell can proceed IFP in front of us, right? Don't we have – I feel like the posture of this case is a little unusual. I was a little confused about that, Your Honor. When I reviewed the docket, I didn't see that this court was determining whether it could proceed in an IFP motion for this court. For this court, okay. And my assignment was to determine whether the district court had it. So I don't think that this court has the discretion or is actually determining its own strike calls for the appeal. Okay, that's great. Thank you. I hate to leave time on the clock, but if there are no more questions, I'll certainly give it back to the court. That's fine. Thank you. We appreciate your argument. We ask this court to affirm the strike calls. Thank you. All right. You have four minutes in rebuttal. Thank you, Your Honor. On rebuttal, I would like to address a few points raised by your questions. First, the process for determining whether an action should be dismissed for failure to state a claim is whether all of the elements of a cause of action are met to bring forth a claim that the plaintiff can seek relief. That is not the process the court in Younger v. Harris outlined. In Younger v. Harris, dismissals. If that's the definition, where do you come out on statutes of limitations and whether a dismissal because you're outside the limitations period is a covered strike? Because that one also you're not considering the elements of the claim. When Younger dismissal is an issue, the district court is never getting to the merits of the case. I'm sorry. I was just wondering if you had a position on statute of limitations dismissals. If that's your standard, it's only if you reach the merits. Does it follow then that a dismissal for being outside the limitations period is also not a strike? That's correct, Your Honor. Okay. Do you have any? Okay. So a dismissal on Younger abstention grounds looks at principles of comedy and equity. And as this court stated in Nivens, the district court is mandated to abstain when Younger abstention issues come before the court. If Your Honors have no further questions. Well, were you going to, do you have anything to say about the timing of the end or something like that? Yes. We did look at the timeline. The Burrell v. Anderson was dismissed before Burrell v. Shirley. Your Honor, it was dismissed on May 2022 and Burrell v. Shirley was filed on June 2022. And so it was a strike before Burrell v. Shirley was filed. I believe Amicus added Burrell v. Mayer to their brief and that case is not relevant to the issue here today because Burrell v. Mayer was filed after Burrell v. Shirley was filed. All right. Thank you very much for your argument. Thank you, Your Honor. We'll come down and greet counsel. But note that this is one of the rare cases where all sides are represented by court-appointed counsel. And so we doubly appreciate your efforts today.
judges: Stephanie D. Thacker, Pamela A. Harris, A. Marvin Quattlebaum Jr.